United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 29, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41222
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEONEL TURBERVILLE-LICONA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-03-CR-602-1
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Leonel Turberville-Licona (Turberville) was convicted of transporting an undocumented alien by means of a motor vehicle for private financial gain within the United States in violation of 8 U.S.C. § 1324(a)(1)(B)(i).  Turberville asserts that the district court erred in denying his motion to suppress evidence seized following an allegedly unlawful vehicle stop.

Turberville was stopped by an experienced Border Patrol Agent who observed that Turberville's car was riding low and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

bounced, as though it was carrying a heavy load.  The Agent testified that as she observed Turberville's vehicle, she saw it twice swerve onto the shoulder and back into its lane.  The front seat passenger in the car appeared to be ducking, as if to hide, then sat up erect when the Agent pulled alongside the vehicle.  Additionally, the Agent testified that there appeared to be people hiding in the back seat of the four-door sedan, since prior to stopping the vehicle the Agent observed two adult heads pressed against the windows and knees, as though the people had their legs folded.  Moreover, the Agent had experience with conducting illegal alien stops in the same area where she stopped Turberville, and she testified that Turberville's route is a route commonly used to transport aliens northward.

Thus, the totality of the circumstances indicates that the Border Patrol Agent had reasonable suspicion supported by articulable facts that criminal activity was afoot.  See United States v. Neufeld-Neufeld, 338 F.3d 374, 378-80 (5th Cir. 2003).  Accordingly, the judgment of the district court is AFFIRMED.